# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF NORFOLK, OCTOBER TERM 1849, AT DEDHAM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. RICHARD FLETCHER,

---

## Francis Hilliard *vs.* Stephen M. Allen & others.

This court has jurisdiction in equity, to enforce the specific performance of a contract for the purchase of land, which the intended purchaser refuses to complete, on the ground, that a third person has a lien upon the estate, under a building contract with a former owner.

The lien upon real estate, created by recording a building contract under the Rev. Sts. *c.* 117, §§ 1, 2, cannot be preserved for a longer period than six months, without the commencement of a suit to enforce the same, by any considerations of equity, or of greater benefit to all parties, in favor of a postponement, or by means of any parol agreement, or covenant, however formal, for the same purpose.

Where a mortgagee of real estate, to whom the mortgagor was also indebted under a building contract relating to the same land, which had been duly recorded, but had not been enforced by a suit thereon within six months, as required by the Rev. Sts. *c.* 117, §§ 1, 2, 3, entered upon the mortgaged premises for condition broken; and it was thereupon agreed between the parties, that the mortgagee should let the estate, and apply the rents to the debt under the building contract; after which and before any rent had been received or become payable, the mortgagor

took advantage of the insolvent law; it was held, that the rents subsequently received by the mortgagee must be deemed to have been received by him in that capacity, and be accounted for as such.

THIS was a suit in equity, brought by the plaintiff, as the assignee of Samuel C. Bugbee, an insolvent debtor, to compel the defendant Allen to receive from the plaintiff a deed of certain premises described in the bill, and to pay the agreed price therefor, without deduction on account of an alleged lien thereon; and to compel the other defendants, Josiah Richardson and Daniel Jackson, to relinquish and discharge, and to be perpetually enjoined from attempting to enforce, the said lien.

The case was argued at a former term by *F. Hilliard,* for himself, and by *J. J. Clarke,* for the defendants Richardson and Jackson.

All the facts material to be stated are set forth in the opinion of the court.

SHAW, C. J. The bill in this case sets out a sale of an estate belonging to the insolvent, at auction; that it was sold subject to certain incumbrances, estimated at a certain amount, but with a stipulation, that the sum to be paid by the purchaser should be more or less than the sum bid, in case the incumbrances should exceed or fall short of the estimated amount. Allen purchased the estate, and gave his written agreement accordingly.

The bill then alleges the tender of a deed to Allen, and a demand of the purchase money; but that the defendants Richardson and Jackson claim to have a lien on the estate, under a building contract, pursuant to the provisions of the statute called the mechanics' lien law, to the amount of $378, by reason of which Allen refuses to take his deed and pay the money. The bill then avers, that the said Richardson and Jackson have no such lien, and calls upon them to come in and set forth the grounds of their claim; and if the lien is not established, then to release and discharge all such claim, so that the plaintiff can give, and the defendant Allen can take, a deed of the estate, discharged of any such supposed incumbrance.

45 *

The answer of Richardson and Jackson admits most of the facts, and sets out that they themselves are holders, as original mortgagees or assignees, of two mortgages on the premises. They assert that they have such a lien, under a building contract, for $389; that they have entered on the estate, as mortgagees; and they set forth an agreement between Bugbee and themselves, that they should let the premises and apply the income to the discharge of their debt due under the building contract.

In this answer, it is manifest, that the response goes beyond the matter set forth in the bill, which was strictly confined to the point of lien. But the plaintiff, having amended his bill, sets out a request made to the defendants, Richardson and Jackson, for an account of the amount due to them on their mortgages, and a paper handed to the plaintiff as such account, embracing the amount due on the two mortgages, the building contract, and another sum of $239 for expenses. The amended bill denies that Bugbee ever made such an agreement, respecting the application of the rents to the discharge of the debt due on the building contract. It avers that the defendants never claimed under such supposed agreement, till about the time of the filing of the bill, but rested their claim upon other and distinct grounds.

The answer to the amended bill reiterates the matter contained in the former answer, admits the delivering of the paper, stating the defendants' claims to be substantially correct, as delivered by one of the defendants to the plaintiff, and reiterates the verbal agreement.

This is a very brief statement of the pleadings. At the hearing, the parties entered into an agreement in respect to most of the facts, and by mutual consent referred the court to Bugbee's deposition, for the testimony contained in it, with liberty to draw all conclusions.

Taking the facts as thus agreed, it appears that Bugbee entered into a contract with Richardson and Jackson, in October, 1844, to finish and complete the house, on which the defendants had already one or both of the mortgages; that they proceeded and finished the house according to the

terms of the contract; but though more than six months elapsed from the completion of the contract, they never filed any petition for the sale of the house according to the provisions of the mechanics' lien law.

It also appears, that the defendants contend for condition broken under both mortgages, about the 10th of February, 1845; that the insolvent, Bugbee, did enter into a parol agreement with them, that they might lease the house, and take the rents, and apply the same to the discharge of their debt, under the building contract; that they did, some time in April, 1845, let the house, but that before any rent was received or became due, Bugbee became insolvent, and applied to a master in chancery, and the usual proceedings were had, under which the plaintiff was chosen assignee.

1. The first question is, whether the court has jurisdiction in equity. We have no doubt that the court has jurisdiction. It seems to be a case coming under that head of equity, where there are more than two parties, having distinct rights and interests, which cannot be embraced and settled in one action at law. But we think it comes quite clearly under another head of equity, where the court has jurisdiction to enforce the specific performance of contracts. *Salisbury* v. *Bigelow*, 20 Pick. 174. That was a bill to enforce the specific performance of a contract to purchase land, brought by the seller against the buyer, and where the question was, whether the seller could give a good title. Nor can we see any adequate remedy at law. The plaintiff, being a mere assignee, is not supposed to have funds to redeem; all he could reasonably be supposed to do would be to sell the right of redemption, upon such terms as would make it most productive to the creditors, and this could only be done by clearing it from alleged pretended claims, incumbering the estate; and the alleged lien claimed by the defendants in their answer, if not well founded, is a cloud of that description. Rev. Sts. *c.* 81, § 8, *cl.* 3, 6.

2. Upon the main question set forth in the pleadings and argued at the bar, the court are of opinion, that if the defendants ever had a lien on the premises, under the build-

ing contract, by recording it and otherwise complying with Rev. Sts. *c.* 117, § 1, it had been dissolved, and did not sub sist at the time of the filing of this bill. This right is given by statute; and a peculiar remedy is prescribed for enforcing it, which is expressly limited to the term of six months. The second section requires it to be recorded pursuant to the policy of the registry laws; and any person having occasion to search the records for titles and incumbrances, finding such a contract recorded, knows that if proceedings are not insti- tuted in six months after the contract is performed, the estate is clear from that incumbrance. The statute provides, in express terms, (§ 3,) that the lien shall be dissolved at the expiration of six months, unless a suit for enforcing the lien shall have been commenced within the six months. No considerations of equity, no suggestion that it would be bet- ter for all parties that the suit should be postponed, no parol agreement, and no covenant, however formal, short of a mort- gage, amounting of itself to a new lien, can save it.

3. Another question has been considered at the bar, name- ly, what is the effect of the alleged agreement of Bugbee with the defendants, that they should appropriate the rents of the estate towards the reduction of their debt under the building contract; because it is obvious, that if they can so appropriate these rents, they are relieved from the obligation to account for them towards the interest and principal of their mortgage debts, and thus leave the incumbrance on the estate so much the larger.

Perhaps, as these pleadings stand, it is not regular to go further than to declare and decide, that the lien on the build- ing contract no longer subsisted. Strictly and in due form, the question proposed would arise only in the case, where, if the lien existed, it was to be reduced by the application of these rents. This is not regularly a bill to redeem; yet the actual amount of incumbrances, to wit, the precise amount due to the defendants Richardson and Jackson, is as neces- sary to be known, as if it were in form a bill to redeem; because the amount of that incumbrance, by force of the defendant's contract, fixes the amount which he is to pay for

the equity of redemption.     We have therefore thought it would facilitate the ultimate decision of the case, to express an opinion upon this question, which has been fully argued by the counsel.

We are of opinion, that the agreement of Bugbee, to appropriate the rents, to be received by the defendants, towards their building contract, could not by its own force bind the estate.    So long as he had a disposing power, so long as he himself had a power to receive the rents, that is, before his insolvency, if the defendants had received any such rent and appropriated it, it would have enured by way of payment, and been available.    But no rents had been received by them, under the agreement.    When the debtor became insolvent, legal proceedings were instituted, under which all his property and rights to property passed to his assignee for his general creditors.    It vested in his assignee his right in equity of redeeming the house, the reversion, if it was then let, and all the rents which accrued and became payable; but as no rent was then payable, none could be appropriated under the agreement, because the disposing power of the debtor over it was then gone.

The result will be that the defendants must be deemed to have received such rent as mortgagees in possession, the only capacity in which they could rightfully receive them, and must account for them on the redemption of the mortgages, towards the interest and principal of the mortgages, upon an account to be stated, in the mode provided for stating the account and the amount due on a mortgage on redemption.

The case, therefore, may be referred to a master, to take an account and report what is the amount of incumbrance held by the defendants Richardson and Jackson on the estate, subject to which the defendant is to pay pursuant to his contract, and accept his deed; unless such amount can be agreed on by the parties.